**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PATRICIA LYNN BROWN-WOOD, INDIVIDUALLY, AND
AS AN HEIR AT LAW OF EDITH BROWN
LINDA JO BROWN ANAGNOS, INDIVIDUALLY,
AND AS AN HEIR AT LAW OF EDITH BROWN
TOMMIE LISA BROWN-REESE
INDIVIDUALLY, AND AS AN HEIR AT LAW
OF EDITH BROWN**                                                **PLAINTIFFS**

**v.**                                         **CIVIL ACTION NO.  3:23-CV-168-TSL-MTP**

**REO MANAGEMENT SOLUTIONS, LLC,
CASCADE FUNDING MORTGAGE TRUST HB3,
PHH MORTGAGE CORPORATION**                                  **DEFENDANTS**

---

**FIRST AMENDED COMPLAINT**

---

Patricia Lynn Brown-Wood, individually, and as an heir at law of Edith Brown, Linda Jo Brown Anagnos, individually, and as an heir at law of Edith Brown, and Tommie Lisa Brown-Reese, individually, and as an heir at law of Edith Brown (collectively, "Plaintiffs") for their complaint against the Defendants, REO Management Solutions, LLC ("REO"), a Delaware limited liability company, Cascade Funding Mortgage Trust HB3, a Delaware statutory trust ("Cascade Funding"), and PHH Mortgage Corporation, a New Jersey corporation ("PHH"), would state as follows:

      1.      The Plaintiffs in this case are the owners of certain real and personal property located at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi, and are identified as follows:

            a.      Patricia Lynn Brown-Wood, an adult resident citizen of Germantown, Tennessee.

            b.      Linda Jo Brown Anagnos, an adult resident citizen of Cordova, Tennessee.

  c.  Tommie Lisa Brown-Reese, an adult resident citizen of Montgomery, Texas. Patricia Lynn Brown-Wood, Linda Jo Brown Anagnos and Tommie Lisa Brown-Reese are the sole heirs at law of Edith Brown, deceased.

  2.  Defendant, REO, is a Delaware limited liability company authorized to do and doing business in Mississippi. It may be served with process by service upon its registered agent, CT Corporation, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

  3.  Defendant, Cascade Funding, is a Delaware Statutory Trust, that is not authorized to do business in Mississippi. It may be served with process on its registered agent for service of process, Corporation Service Corporation, 84 State Street, Boston, Massachusetts.

  4.  Defendant, PHH, is a New Jersey corporation authorized to do and doing business in Mississippi. It may be served with process on its agent for service of process, Corporation Service Corporation, 109 Executive Drive, Suite 3, Madison, Mississippi.

  5.  This Court has jurisdiction pursuant to 28 U.S.C. §1332. Venue over this matter is proper in this district and division in that it involves trespass to real property and conversion of personal property located in the Second Judicial District of Hinds County, Mississippi, which is located in the Southern District of Mississippi, Northern Division.

## FACTS

### a. State Court Judicial Foreclosure Action

  6.  On May 15, 2014, OneWest Bank ("OneWest"), filed an action in the Chancery Court for the Second Judicial District of Hinds County for judicial foreclosure against the real property located 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi styled *OneWest v. Brown, et al.,* No. G-2014-63 ("Chancery Court Action"). The Plaintiffs were named as parties in the Chancery Court Action. A copy of the Complaint in the

Judicial Foreclosure Action is attached hereto as Exhibit A and incorporated herein by reference.

7. The Chancery Court Action sought to judicially foreclose on an Adjustable Rate Home Equity Conversion Deed of Trust executed by Edith Brown and Thomas H. Brown to Norwest Mortgage, Inc, which deed of trust is recorded in Book 325 at Page 575 of the Land Records of the Second Judicial District of Hinds County, Mississippi. ("Deed of Trust"). The Deed of Trust purported to cover a 6.6 acre tract of real property in which Edith Brown and Thomas H. Brown had a life estate ("Property"). The Plaintiffs are the remaindermen on the Property. Edith Brown and Thomas H. Brown are deceased and the Plaintiffs own the Property.

8. The Chancery Court Action dragged on for eight years until February 2, 2022, when the Chancery Court entered its Judgment for Judicial Foreclosure in the Chancery Court Action. The Court's docket does not indicate that any motion was set for hearing on that day or that a notice was provided to any party that a hearing in this case was set for February 2, 2022. Nonetheless, the Judgment for Judicial Foreclosure states "THAT THIS MATTER CAME ON FOR HEARING on the 2nd day of February 2022, and the Defendants [Plaintiffs in this cause] failing to appear …" This was factually incorrect.

9. On June 6, 2022, the Chancery Court entered its Order purporting to confirm the judicial foreclosure sale by the Special Commissioner on April 8, 2022, pursuant to which Defendant, Cascade Funding, purported to "purchase" the real property at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi.[1]

10. On September 13, 2022, the Chancery Court entered its order setting aside the Judgment for Judicial Foreclosure Sale and the Order Confirming the Judicial Foreclosure Sale as Void. A true and correct copy of the Order is attached hereto as Exhibit B and incorporated

---

[1] As of the end of December, no Special Commissioner's Deed had been filed in the land records of the Second Judicial District of Hinds County.

3

herein by reference.

11. On April 24, 2023, plaintiff Lynn Brown-Wood moved to dismiss the Chancery Court Proceeding. A true and correct copy of the motion is attached hereto as Exhibit C and incorporated herein by reference. As set forth in the motion, the Deed of Trust is void as a matter of law because it does not describe the Property with any certainty as required by Mississippi law. Instead, the description is just lines on a piece of paper. The motion is set for hearing on May 31, 2023.

### b. Cascade Funding, REO and PHH's Trespass

12. Upon information and belief, some time prior to the now void foreclosure sale on the void Deed of Trust in the Chancery Court Action, Cascade Funding purchased the Deed of Trust, although OneWest continued to pursue the Chancery Court Action.

13. Upon information and belief, PHH is the servicer of the underlying loan that Cascade Funding purports to own. It is unclear what, if any, rights OneWest has to pursue any action on the Deed of Trust as it does not appear to have any interest, either as beneficiary of the Deed of Trust or servicer on the underlying loan.

14. Beginning in January of 2020, Cascade Funding and/or PHH, through their agent, REO, began contracting with a third-party agent, either Guardian Asset Management or National Field Representatives, Inc., to conduct property inspection reports on the Property. The property inspection reports indicated that the Property had posted "No Trespassing" sign and a locked gate on the driveway to the Property.

15. As late as October of 2021, Cascade Funding, REO and/or PHH's inspection report of the Property indicated that the Property owned by the Plaintiffs was gated.

16. Notwithstanding the locked gate and the posted "No Trespassing" sign, in

November of 2021, Cascade Funding, REO and/or PHH's agent proceeded to enter the Property and take pictures. Upon information and belief, Cascade Funding, REO and/or PHH's agent also "change (sp) locks" on the gate to the Property.

17. In December of 2021, Cascade Funding, REO and/or PHH's agent again attempted to enter upon the Property but could not because the gate had been "re-locked."

18. On April 2, 2022, Cascade Funding, REO and/or PHH's agent again trespassed upon the Property, removed the lock on the gate and changed the locks on the home located on the Property. Cascade Funding, REO and/or PHH's agent also trespassed on the adjacent property, which is owned by the Plaintiffs but not subject to the Deed of Trust and changed the lock on a structure located on that property as well.

19. As of April 2, 2022, Cascade Funding had not yet "purchased" the Property at the void foreclosure sale and neither Cascade Funding, REO nor PHH had any right to trespass on the Property and change any locks. Further, at no time did Cascade Funding, REO and/or PHH have any right to trespass on the adjacent property of the Plaintiffs and change the lock on the structure on that property.

20. Cascade Funding, REO and/or PHH's trespass was willful, intentional and with wanton disregard for the rights of the Plaintiffs. At a minimum, Cascade Funding, REO and/or PHH were grossly negligent in trespassing on the Property and the adjacent property and changing the locks to the structures as well as the to the gate to the properties.

    c. **Cascade Funding, PHH and REO's Conversion**

21. At some point after April 8, 2022, Cascade Funding, and/or PHH's agent, REO hired a real estate agent to market and sale the Property. A true and correct copy of the listing agreement with Bette Warner (sp) of McMillin Real Estate and Appraisal, Inc. in Vicksburg,

Mississippi. A true and correct copy of the listing agreement is attached as Exhibit D and incorporated herein by reference.

22. On July 8, 2022, plaintiff Brown-Wood filed her motion to set aside the foreclosure and order confirming the sale as void in the Chancery Court Action. ("Motion to Set Aside Foreclosure"). Defendants Cascade Funding, PHH and REO were aware of or should have been aware of the Motion to Set Aside Foreclosure.

23. The Motion to Set Aside Foreclosure was set for hearing on September 14, 2022; however, on September 13, 2022, the Chancery Court entered its order holding the foreclosure void.

24. Notwithstanding the Chancery Court's order of September 13, 2022, voiding the foreclosure sale, on September 20, 2022, Cascade Funding, REO and/or PHH's agent willfully trespassed on the Property again and with no prior notice to the Plaintiffs removed all their personal property from the Property and all their personal property from the adjacent property. Rather than contact the Plaintiffs as required by Mississippi law, Cascade Funding, REO and PHH treated the Plaintiffs' personal property as "debris" and simply threw it away. Cascade Funding's agent, PHH, went a step further and sought reimbursement from HUD for the cost of the "debris removal," which HUD or its agent approved and reimbursed Cascade Funding for its expenses in throwing away the Plaintiffs' personal property. Indeed, PHH submitted numerous claims to HUD for reimbursement of expenses related to its unlawful trespass on the Property and the adjacent property of the Plaintiffs. Cascade Funding, REO and PHH's trespass on the Property and conversion of the Plaintiffs' personal property was willful, wanton and grossly negligent.

25. While Cascade Funding, REO and PHH viewed the Plaintiffs' personal property

as "debris," it was the property of the Plaintiffs' deceased parents. The sentimental value of the personal property cannot be replaced. Cascade Funding, REO and PHH's unjustified disposal of the Plaintiffs' family property as "debris" is egregious and justifies the imposition of punitive damages to deter such conduct in the future.

26. Because Cascade Funding, REO and PHH destroyed the Plaintiffs' personal property and made no inventory of what it destroyed, upon information and belief, the following items which belonged to the Plaintiffs were unlawfully converted and destroyed by Cascade Funding, REO and PHH:

a. washer
b. dryer
c. refrigerator
d. vacuum cleaner
e. couches (2)
f. recliners (2)
g. bed frames (3 double, 1 king)
h. mattress sets ( 3 double, 1 king)
i. sewing machine
j. bedroom dressers ( 4)
k. bedroom chest of drawers (4)
l. 5 sets of drapes
m. 5 sets of curtains
n. miscellaneous items of cookware
o. complete set of cast iron cookware
p. 8 place setting of Fiestaware

q.  12 place setting of flatware

r.  cooking utensils

s.  microwave

t.  miscellaneous yard tools (rake, shovel, hoe)

u.  oak kitchen table

v.  oak kitchen chairs (6)

w.  coffee table (2)

x.  end tables (4)

y.  bed linens

z.  towels

aa. encyclopedias (complete set)

bb. music books

cc. history books and novels

dd. 3 window air conditioners

ee. fans (2)

ff. step ladder

gg. 20 foot extension ladder

hh. 2500 watt generator

ii. 4 folding beds with mattresses

jj. Misc. clothing (caps, boots, 1 new pair of waders, numerous coats and jackets, insulated coveralls)

kk. Saddle and miscellaneous items in storage shed on adjacent property

ll. old model Cadillac

Hereinafter "Converted Property."

27. The value of the Converted Property is estimated to be at least $75,000. This

estimate does not include the sentimental value of the Converted Property. Many of the items were family heirlooms that are irreplaceable. As stated above, rather than store the Converted Property or advise the Plaintiffs that they were going to remove their personal property, Cascade Funding, REO and PHH simply destroyed it and billed HUD for the expenses related to the disposal of the personal property, which HUD, unaware of the unlawful conduct of Cascade Funding, REO and PHH, paid.

28. On December 8, 2022, the Plaintiffs made demand upon REO to return the Converted Property unlawfully taken from the property at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi. A true and correct copy of the demand letter is attached hereto as Exhibit E and incorporated herein by reference. It was impossible for REO or Cascade Funding or PHH to return the Converted Property because they had destroyed it.

## COUNT I
## (CONVERSION)

29. The Plaintiffs adopt and re-allege the allegations of paragraphs 1-28 of the Amended Complaint.

30. Cascade Funding, REO and PHH wrongfully exercised dominion, and control over and wrongfully converted the Converted Property of the Plaintiffs to their own use and destroyed the Converted Property. Upon information and belief, the Converted Property had a value in excess of $75,000.

31. Cascade Funding, REO and PHH, jointly and severally, owe the Plaintiffs $75,000 plus pre and post judgment interest.

32. Cascade Funding, REO and PHH's conduct in wrongfully exercising dominion and control over the Plaintiffs' Converted Property, wrongfully trespassing upon the real property to remove the Converted Property, was willful and wanton and done with such gross

negligence that it evidences a willful and deliberate disregard for the rights of the Plaintiffs such that punitive damages may be awarded. As such, under Mississippi law, the Plaintiffs are entitled to punitive damages to deter such behavior, including but not limited to attorneys' fees and other damages.

## COUNT II
## (TRESPASS)

33. The Plaintiffs adopt and re-allege the allegations of paragraphs 1-32 of the Amended Complaint.

34. Cascade Funding, REO and PHH, through their agents, wrongfully trespassed upon the Plaintiffs' real property at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi by placing a lock upon the gate and prohibiting access to the real property and listed the real property for sale with a real estate broker. Cascade further trespassed upon adjacent property owned by the Plaintiffs and converted items of personal property.

35. Cascade Funding, REO and PHH continued to trespass on the real property located at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi by maintaining a listing of the property for sale on Zillow even after the foreclosure sale was declared void.

36. The Plaintiffs have incurred expenses in removing the lock from the gate. In addition, REO and Cascade have damaged the structure on the real property located at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi, the cost of which to repair is currently being determined.

37. Cascade Funding, REO and PHH's trespass was willful and wanton and done with such gross negligence that it evidences a willful and deliberate disregard for the rights of the Plaintiffs such that punitive damages are justified to deter such wrongful behavior. The

Plaintiffs are entitled to punitive damages in an amount to be proven at trial, including but not limited to attorneys' fees and other damages.

WHEREFORE, the Plaintiffs request the following relief:

1. As to Count I, a judgment against Cascade Funding, REO and PHH jointly and severally for all damages for their conversion of the Converted Property in an amount to be proven at trial, including punitive damages and attorneys' fees and expenses;

2. As to Count II, a judgment against Cascade Funding, REO and PHH jointly and severally for all damages for their Trespass upon the real property located at 1773 Old Port Gibson Road, Utica, Hinds County, Second Judicial District, Mississippi and damages for the trespass on the adjacent property in an amount to be proven at trial, and punitive damages, including attorneys' fees and expenses; and

3. For such other relief as the Court deems appropriate.

Respectfully submitted this 13th day of June, 2023.

**PATRICIA LYNN BROWN-WOOD,**
**EDITH W. BROWN,**
**LINDA JO BROWN ANAGNOS, AND**
**TOMMIE LISA BROWN-REESE**

s/ Kathy Smith_____
Their attorney

OF COUNSEL:
JIM F. SPENCER, JR. (MSB#7736)
KATHY K. SMITH (MSB# 10350)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MS 39201
TELEPHONE: 601-965-1976
FAX: 601-965-1901
jspencer@watkinseager.com
ksmith@watkinseager.com